IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

LOUANN CIAVARELLA, on behalf of M.R.C.,

       Plaintiff,

v.                                    Civil Action No.
                                         7:14-CV-1142 (DEP)

CAROLYN A. COLVIN, Acting Commissioner
  of Social Security,

       Defendant.

---

APPEARANCES:                      OF COUNSEL:

FOR PLAINTIFF

OLINSKY LAW GROUP            EDWARD A. WICKLUND, ESQ.
300 S. State Street
5th Floor, Suite 520
Syracuse, NY 13202

FOR DEFENDANT

HON. RICHARD S. HARTUNIAN     GRAHAM MORRISON, ESQ.
United States Attorney             Special Assistant U.S. Attorney
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## ORDER

Currently pending before the court in this action, in which plaintiff seeks judicial review of an adverse administrative determination by the Commissioner of Social Security, pursuant to 42 U.S.C. § 405(g), are cross-motions for judgment on the pleadings.[1] Oral argument was heard in connection with those motions on July 14, 2015, during a telephone conference conducted on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination resulted from the application of proper legal principles and is supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is hereby

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18 (formerly, General Order No. 43) which was issued by the Hon. Ralph W. Smith, Jr., Chief United States Magistrate Judge, on January 28, 1998, and subsequently amended and reissued by Chief District Judge Frederick J. Scullin, Jr., on September 12, 2003. Under that General Order an action such as this is considered procedurally, once issue has been joined, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

ORDERED, as follows:

1) Defendant's motion for judgment on the pleadings is GRANTED.

2) The Commissioner's determination that the infant claimant was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is AFFIRMED.

3) The clerk is respectfully directed to enter judgment, based upon this determination, DISMISSING plaintiff's complaint in its entirety.

_____
David E. Peebles
U.S. Magistrate Judge

Dated: July 17, 2015
Syracuse, NY

```
UNITED STATES  DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------x
LOUANN CIAVARELLA, on behalf of M.R.C.,


vs.                                              14-CV-1142

CAROLYN W. COLVIN, Commissioner Of Social Security
------------------------------------------------x
```

Transcript of DECISION held on July 14, 2015, at the James Hanley U.S. Courthouse, 100 South Clinton Street, Syracuse, New York, the HONORABLE DAVID E. PEEBLES, Presiding.


A P P E A R A N C E S

```
For Plaintiff:       OLINSKY LAW GROUP
(Via Telephone)      300 S. State Street
                     Suite 420
                     Syracuse, New York 13202
                       BY:  EDWARD A. WICKLUND, ESQ.


For Defendant:       SOCIAL SECURITY ADMINISTRATION
(Via Telephone)      Office of Regional General Counsel
                     Region II
                     26 Federal Plaza - Room 3904
                     New York, New York 10278
                       BY:  GRAHAM MORRISON, ESQ.
```

1      (Via telephone, in chambers:)
2      THE COURT: I have before me a request for judicial
3 review under 42, United States Code, Section 405(g) of a
4 Commissioner's determination finding that the infant
5 plaintiff M.R.C. was not disabled at the relevant times.
6      The background is as follows: M.R.C. was born in
7 January of 1997. He is currently 18 years of age. He was 16
8 years old at the time of the hearing in this matter and,
9 therefore, under the regulations, deemed to be an adolescent.
10      He attends school at South Jefferson Central School
11 District. He is classified as autistic and there is an IEP
12 in place. He has been mainstreamed with resource room aides.
13 He appears to be a good student academically.
14      He has been diagnosed with Asperger's disorder,
15 also with asthma, which is controlled through the use of an
16 inhaler. There's some indication of obesity but, as the
17 administrative law judge noted, there don't appear to be any
18 indications in the record of any significant limitations
19 associated with that condition.
20      The plaintiff lives with his mother, father and
21 older sister.
22      Procedurally, the plaintiff, the mother of M.R.C,
23 applied for SSI benefits on November 29, 2011. A hearing was
24 conducted by Administrative Law Judge Robert Gale on April 4,
25 2013. ALJ Gale issued a decision on May 17, 2013, denying

1 plaintiff's application. That became a final determination
2 of the Commissioner when the Social Security Administration
3 Appeals Council denied plaintiff's request for review on
4 July 2, 2014.
5 In his decision, ALJ Gale applied the standard
6 formula for addressing claims of disability for those who are
7 under the age of 18 -- or 21, I should say.
8 So, he first determined, after concluding that
9 plaintiff M.R.C. had not engaged in substantial gainful
10 activity, concluded that he suffers from Asperger's disorder
11 and asthma at Step 2, rejecting obesity because he did not
12 find any significant limitations of function associated with
13 that condition.
14 The ALJ next examined the listings of presumptively
15 disabling conditions, including 103.03 and 112.10 and
16 determined that plaintiff's condition did not meet or
17 medically equal those listed impairments.
18 He then turned to the functional equivalence test
19 under the well-accepted standard, examined the six domains.
20 He noted, first, that the plaintiff's statements
21 concerning limiting effects were not fully supported by
22 objective evidence and not consistent with a finding of
23 disability.
24 He pointed out that the plaintiff is mainstreamed,
25 takes the school bus, although it, apparently, is a small

1 vehicle. He handles his personal needs. He is achieving
2 grade level in academics. No significant medication or
3 medical treatment and his asthma is stable.
4   I did find a little confusion in the ALJ's decision
5 when it came to credibility. He essentially said -- and I
6 guess I'm paraphrasing -- that Mrs. Ciavarella's statements
7 were credible and the claimant's testimony was credible --
8 this is at Page 19 -- however, their statements concerning
9 intensity, persistence and limiting effects of the claimant's
10 symptoms are not fully supported by the objective evidence in
11 the record and are not consistent with the finding of
12 disability. I was a little confused by that statement but,
13 essentially, in any event, I didn't find any significant
14 testimony in the hearing that was consistent with disability.
15   So, he turned to the six domains, concluded that,
16 in the area of acquiring and using information, there was
17 less than a marked limitation. In terms of attending to and
18 completing tasks, the ALJ found no limitation. Interacting
19 and relating with others he found less than marked
20 limitation. Moving and manipulating objects, no limitation.
21 Caring for self, a less than marked limitation. And health
22 and physical well-being, less than marked limitation.
23   As you know, my task is extremely limited and the
24 scope of review deferential. My review is gauged to
25 determine whether proper legal principles were applied and

1   the decision is supported by substantial evidence, which has
2   been defined by the Supreme Court as such relevant evidence
3   as a reasonable mind might accept as adequate to support a
4   conclusion.
5           The standard for childhood disability is well-known
6   and the focus of plaintiff's argument is upon the analysis of
7   the six relevant domains and, in particular, the two domains
8   that we've been focused upon, the interacting and relating to
9   others and caring for self.
10          First, the rejection of Beverly Ackley's report.  I
11  agree with the Commissioner's counsel that this appears to be
12  an outlier.  As plaintiff concedes, this is not entitled to
13  controlling weight.  It's, at best, confusing, especially on
14  the domain of caring for self.  But it is contradicted by the
15  opinions of Mr. Andalorn, as well as the one non-examining
16  and two examining physicians.  The ALJ properly explained why
17  he was giving it less weight than the other determinations.
18          In terms of credibility, I didn't find any
19  testimony that convincingly established, if credible, that
20  the plaintiff was disabled and I agree with the
21  administrative law judge to that extent.
22          Turning to the functional equivalence analysis,
23  again the focus is on those two areas.  When it comes to
24  interacting and relating to others, when we're dealing with
25  adolescents -- well, the regulations provide that in this

domain we consider how well you initiate and sustain emotional connections with others, develop and use the language of your community, cooperate with others, comply with rules, respond to criticism and respect and take care of the possessions of others.

When it comes to adolescents, the regulations provide as follows: By the time you reach adolescence, you should be able to initiate and develop friendships with children who are your age and to relate appropriately to other children and adults, both individually and in groups. You should begin to be able to solve conflicts between yourself and peers or family members or adults outside your family. You should recognize that there are different social rules for you and your friends and for acquaintances or adults. You should express your feelings, ask for assistance in getting your needs met, seek information, describe events and tell stories in all kinds of environments (e.g., home, classroom, sports, extracurricular activities or part-time job), with all types of people (e.g., parents, siblings, friends, classmates, teachers, employers and strangers).

By all accounts, with limited exception, the plaintiff fares well in this area. Plaintiff himself indicates that he has some friends and gets along fine with his friends. That's at Page 44 of the administrative transcript.

1     Dr. Liu also indicates that, according to the
2 plaintiff, he plays with friends. That's at Page 257. The
3 2012-2013 IEP indicates that the plaintiff is polite, enjoys
4 conversation with peers. That's at 179. And there does not
5 appear to have been any need for behavioral modification.
6 That's at 180, 189 and 200, although I acknowledge that
7 Ms. Ackley seems to indicate otherwise. Mr. Andalorn
8 supports the view that no behavior modification has been
9 necessary.
10     Dr. Ryan opined that plaintiff has mild to moderate
11 deficits in his ability to deal with peers and adults.
12 That's at Page 261 to 264. Although, I note that Dr. Meyer
13 indicated a marked limitation in this domain at 272.
14     I, therefore, find that the administrative law
15 judge's conclusion that he suffers from less than a marked
16 limitation in this domain is supported by substantial
17 evidence.
18     Turning to caring for self, the regulations provide
19 that in this domain we consider how well you maintain a
20 healthy, emotional and physical state, including how well you
21 get your physical and emotional wants and needs met in
22 appropriate ways, how you cope with stress and changes in
23 your environment, and whether you take care of your own
24 health, possessions and living area.
25     In terms of adolescents, the regulations go on to

1  state, you should feel more independent from others and
2  should be increasingly independent in all of your day-to-day
3  activities.  You may sometimes experience confusion in the
4  way you feel about yourself.  You should begin to notice
5  significant changes in your body's development and this can
6  result in anxiety or worrying about yourself and your body.
7  Sometimes these worries can make you feel angry or
8  frustrated.  You should begin to discover appropriate ways to
9  express your feelings, both good and bad.  You should begin
10 to think seriously about your future plans and what you will
11 do when you finish school.
12          The evidence is clear that the plaintiff has given
13 a great deal of thought to his future.  He's already
14 formulated a plan about going to college and what he'd like
15 to do with his education.  The evidence in this area doesn't
16 reflect limitation.  Even Ms. Ackley stated that plaintiff
17 does not have a problem in this observed domain and
18 functioning appears age appropriate, although she did go on
19 to check some of the boxes and her report is, therefore,
20 somewhat confusing.
21          Mr. Andalorn found only a slight limitation in this
22 functional area at Page 217.  Clearly the IEPs have indicated
23 that the plaintiff needs to develop ways to cope with stress.
24 That's at Page 179, 188, and 199 of the administrative
25 transcript.  But the IEPs also indicate that plaintiff is

1   doing better and improving in this realm.  Dr. Meyer found no
2   limitations in this domain at Page 273.
3           So, again, I find that the Commissioner's
4   determination that the plaintiff does not have a marked
5   limitation in this domain is supported by substantial
6   evidence.
7           So, there not having been either an extreme
8   limitation in any domain or marked limitations in two or
9   more, there is no functional limitation and the
10  Commissioner's determination is supported by substantial
11  evidence.
12          So I will grant judgment on the pleadings to the
13  defendant affirming the Commissioner's determination and
14  dismissing plaintiff's complaint.
15          Thank you both for excellent written and verbal
16  presentations.  Look forward to working with you again in the
17  future.  Thank you.
18          MR. WICKLUND:  Thank you, your Honor.
19          MR. MORRISON:  Thank you, your Honor.
20          (Proceedings adjourned, 10:25 a.m.)
21
22
23
24
25

C E R T I F I C A T I O N

I, DIANE S. MARTENS, Registered Professional Reporter, DO HEREBY CERTIFY that I attended the foregoing proceedings, took stenographic notes of the same, that the foregoing is a true and correct copy of same and the whole thereof.

*Diane Martens*
_____
DIANE S. MARTENS, FCRR